IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, et al., | CV 20–183–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| DAVID BERNHARDT, et al., | |
| Defendants. | |

Plaintiffs move for the admission of John R. Mellgren to practice before this Court in this case with Matthew K. Bishop to act as local counsel. While Mr. Mellgren's application appears to be in order, the Local Rules of this Court limit *pro hac vice* admission to attorneys who are "not regularly employed in Montana." L.R. 83.1(d)(1). Though "regularly" is not defined in the rule, more than four concurrent representations in unrelated cases crosses the line into "regular" practice. *Cf.* Section VI(C), 2009 Amended Rules for Admission to the Bar of Montana (limiting an attorney to two *pro hac* admissions unless good cause is shown).

Accordingly, IT IS ORDERED that Plaintiffs' motion to admit John R. Mellgren *pro hac vice* (Doc. 3) is GRANTED on the condition that *pro hac* counsel shall do his or her own work. This means that *pro hac* counsel must do his

1

or her own writing; sign his or her own pleadings, motions, and briefs; and appear and participate personally.  Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

IT IS FURTHER ORDERED that Mr. Mellgren may not seek *pro hac vice* admission in any other cases assigned to the undersigned.  If Mr. Mellgren seeks admission from another judge in the District of Montana he must explicitly state this limitation in the text of his motion for admission.

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless *pro hac* counsel, within fifteen (15) days of the date of this Order, files a notice acknowledging counsel's admission under the terms set forth above.  In that notice, counsel shall also designate a single attorney with the authority to make any and all decisions related to the administration of this case as the primary point of contact for the opposing party.

DATED this ___16___ day of December, 2020.

Donald W. Molloy, District Judge
United States District Court

2