LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO
DARRELL G. EARLY
Chief, Natural Resources Division
OWEN H. MORONEY, ISB NO. 9553
Deputy Attorneys General
600 S. WALNUT STREET
P.O. BOX 25
BOISE, ID 83707
TELEPHONE: (208) 334-3715
FAX: (208) 334-4885
E-Mail:owen.moroney@idafg.idaho.gov

*Attorneys for Intervenor-Defendant State of Idaho by and through the Office of
Species Conservation and the Idaho Fish and Game Commission*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | ) | Lead Case No. |
| Plaintiffs, | ) | CV 20-181-DWM |
| v. | ) | |
| SCOTT DE LA VEGA, et al., | ) | Member Case No. |
| Defendants. | ) | CV 20-183-M-DWM |
| ——————————— | ) | |
| WILDEARTH GUARDIANS, ET AL., | ) | **ANSWER [PROPOSED] OF** |
| Plaintiffs, | ) | **INTERVENOR- APPLICANT** |
| v. | ) | **STATE OF IDAHO** |
| SCOTT DE LA VEGA, et al., | | |
| Defendants. | | |

Pursuant to Fed. R. Civ. P. 8, proposed Defendant Intervenor, State of Idaho (State or Idaho) answers Center for Biological Diversity's, *et al.* (Plaintiffs) First Amended Complaint (Complaint) using the same headings and numberings in said Complaint as follows:

## INTRODUCTION

1. The allegations in paragraph 1 constitute Plaintiffs' introduction and characterization of the lawsuit for which no answer or response is required. To the extent a response is deemed required, Idaho denies the allegations.

2. Idaho admits that in the lower-48 United States, the wolverine is a rare and elusive resident of high mountain landscapes. Idaho adds that wolverines are adapted to live in high-altitude and high-latitude ecosystems characterized by deep snow and cold temperatures. However, wolverines have denned outside of heavy snowpack with multiple factors playing a role in den site selection. Wolverine observations and denning habitat are correlated with deep snow cover, but not always, suggesting some plasticity in denning requirements. Areas of significant snowpack will likely persist in the future in areas where wolverines are known to den, continuing to support wolverines. To the extent a further response is deemed required, Idaho denies the allegations.

3. Wolverines naturally occur in low densities across their global range. Current western U.S. population estimates range from 250 to 318 individuals, reflecting the

1

estimated population prior to European settlement. These levels suggest that

wolverines have reclaimed large expanses of their historical range in the

contiguous U.S. after historical lows or local extirpations in the early 1900s. This

pattern is evident in Idaho, where wolverines have been reported in 34 of 44 (77%)

counties and presently occur in most, if not all, historically occupied habitat in

Idaho. This resurgence is likely attributed to the important refugia provided by

Idaho's large wilderness areas and the wolverine's status as a state-protected

species since 1965. To the extent a further response is deemed required, Idaho

lacks knowledge or information sufficient to form a belief as to the truth and

accuracy of the factual allegations.

4. Idaho denies the allegations in paragraph 4.

5. The allegations in paragraph 5 characterize the lawsuit and no answer or

response is required. To the extent a response is deemed required, Idaho denies the

allegations.

6. The allegations in paragraph 6 characterize the lawsuit and contain legal

conclusions. Therefore, no answer or response is required. To the extent a response

is deemed required, Idaho denies the allegations.

## JURISDICTION, VENUE, AND ADMINISTRATIVE REMEDIES

7. The allegations in paragraph 7 are legal conclusions to which no response is

required. To the extent a response is deemed required, Idaho denies the allegations.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations.

9. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 9 and for this reason denies them.

## PARTIES

10.  Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 10 and for this reason denies them.

11. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 11 and for this reason denies them.

12. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 12 and for this reason denies them.

13. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 13 and for this reason denies them.

14. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 14 and for this reason denies them.

15. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 15 and for this reason denies them.

16. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 16 and for this reason denies them.

17. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 17 and for this reason denies them.

18. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 18 and for this reason denies them.

19. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 19 and for this reason denies them.

20. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 20 and for this reason denies them.

21. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first, second, fifth, sixth, and seventh sentences of paragraph 21 and for this reason denies them. The third and fourth sentences characterize Olaus Murie's <u>A Field Guide to Animal Tracks,</u> which speaks for itself and is the best evidence of its contents. Idaho denies any allegations contrary to the actual language of <u>A Field Guide to Animal Tracks.</u>

22. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 22 and for this reason denies them. These allegations are also legal conclusions for which no response is required. To the extent a response is deemed required, the State denies them.

23. Idaho admits the allegations in the first, second, and fourth sentences in paragraph 23, with the recognition that pursuant to Federal Rule of Civil Procedure Rule 25(d) Scott De La Vega has been substituted for David Bernhardt in this case as Acting United States Secretary of the Interior. The allegations in second sentence of paragraph 23 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations.

24. Idaho admits the allegations in paragraph 24, with the recognition that pursuant to Rule 25(d) Martha Williams has been substituted for Aurelia Skipwith in this case.

25. Idaho admits the allegations in the first sentence of paragraph 25. The allegations in the second sentence of paragraph 25 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations.

## THE ENDANGERED SPECIES ACT

26.  The allegations in paragraph 26 characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA.

27. The allegations in paragraph 27 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA. The allegations in paragraph 27 also cite case law which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the plain language or meaning of the Court.

28. The allegations in paragraph 28 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA.

29. The allegations in the first sentence of paragraph 29 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA. The allegations in the second sentence of paragraph 29 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies all the allegations.

30. The allegations in the first sentence of paragraph 30 characterize case law which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the plain language and meaning of the Court. The allegations in the second, third, and fourth sentences of paragraph 30 characterize H.R. Rep. No. 93-412 (1973) and S. Rep. No. 96-151, 96th Cong., 1st Sess. (1979), which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of H.R. Rep. No. 93-412 (1973) and S. Rep. No. 96-151, 96th Cong., 1st Sess. (1979). Idaho adds that analysis of ESA terms such a "distinct population segment" and "significant portion of its range," should be viewed through all relevant law including the Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act, 61 Fed. Reg. 4,722, 4,725 (Feb. 7, 1996) ("DPS Policy") and Final Policy on Interpretation of the Phrase "Significant Portion of its Range" in the Endangered Species Act's Definitions of "Endangered

Species" and "Threatened Species," 79 Fed. Reg. 37,578, 37,583 (July 1, 2014). To the extent a further response is deemed required, Idaho denies all the allegations.

31. The allegations in the first sentence of paragraph 31 characterize case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the plain language and meaning of the Court. Idaho admits the allegations in the second sentence of paragraph 31 that the Service issued the DPS Policy in 1996. The remaining allegations in paragraph 31 characterize the DPS Policy, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the language of the DPS Policy.

32. The allegations in paragraph 32 characterize the DPS Policy, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the language of the DPS Policy.

33. The allegations in paragraph 33 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA.

34. The allegations in paragraph 34 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA.

**THE WOLVERINE**

35. Idaho admits the allegations in paragraph 35.

36. Idaho admits the allegations in paragraph 36.

37. Wolverines naturally occur in low densities across their global range. Current western U.S. population estimates range from 250 to 318 individuals, reflecting the estimated population prior to European settlement. These levels suggest that wolverines have reclaimed large expanses of their historical range in the contiguous U.S. after historical lows or local extirpations in the early 1900s. This pattern is evident in Idaho, where wolverines have been reported in 34 of 44 (77%) counties and presently occur in most, if not all, historically occupied habitat in Idaho. This resurgence is likely attributed to the important refugia provided by Idaho's large wilderness areas and the wolverine's status as a state-protected species since 1965. To the extent a further response is required, Idaho denies the allegations as it lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations.

38. Idaho admits the allegations in paragraph 38.

39. Idaho admits the allegations in paragraph 39.

40. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 40 and for this reason denies them.

41. The first two sentence in paragraph 41 are legal conclusions to which no response is required. The third sentence attempts to characterize the 2013 withdrawn rule. Idaho notes that this rule was withdrawn and, in an event, the rule speaks for itself and is the best evidence of its own content. To the extent a further response is required, Idaho denies the allegations.

42. Paragraph 42 characterize Service's proposed 2013 rule and the 2020 withdrawal of that rule. *See* Endangered and Threatened Wildlife and Plants; Threatened Status for the Distinct Population Segment of the North American Wolverine Occurring in the Contiguous United States, 78 FR 7864-01; Endangered and Threatened Wildlife and Plants; Withdrawal of the Proposed Rule for the North American Wolverine, 85 FR 64618-01.  These documents speak for themselves and are the best evidence of their own content. Additionally, Idaho asserts that small populations in and of themselves do not constitute a threat such that a species would be endangered or threatened. When evaluating species status under the ESA more factors have to be taken into account, such as consideration of a species' life history, population dynamics, and other impacts to populations and species to determine if small population dynamics increase the species' vulnerability to extinction such that listing is warranted. Importantly, wolverines in the contiguous United States are not genetically isolated from wolverines in

Canada, so isolation is not a concern. To the extent a further response is required, Idaho denies the allegations.

43. Idaho admits that wolverines are an elusive species that is difficult to track and count. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence in paragraph 43 and for this reason denies them.

44. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 44. Additionally, the allegations conflict with the Service's statements in its withdrawal of the proposed rule, 85 FR 64618-01. For this reason, Idaho denies the allegation in paragraph 44.

45. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 45. Additionally, the allegations conflict with the Service's statements in its withdrawal of the proposed rule, 85 FR 64618-01. For this reason, Idaho denies the allegation in paragraph 45.

46. Idaho denies the allegation in paragraph 46.

47. Idaho denies the allegation in paragraph 47.

## WOLVERINES AND THE ENDANGERED SPECIES ACT

## I.   WOLVERINE LISTING HISTORY

48. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 48 and for this reason denies them.

49. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 49 and for this reason denies them.

50. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 50 and for this reason denies them.

51. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and third sentence of paragraph 51 and for this reason denies them. The second sentence of paragraph 51 characterizes case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the Court's plain language or meaning.

52. The first, second, third, and fourth sentence characterize the Service's 12-month finding for wolverine, published March 11, 2008, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 12-month finding. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in

the fifth sentence of paragraph 52 and for this reason denies them. The allegations

in the sixth sentence characterizes the Service's 2013 proposed rule to list

wolverine published February 4, 2013, which speaks for itself and is the best

evidence of its content. Idaho denies any allegations contrary to the actual

language of the Service's 2013 proposed rule to list wolverine.

## II.    2010 12-MONTH FINDING

53. The allegations in paragraph 53 characterize the Service's 12-month finding

for wolverine published December 14, 2010 (2010 12-month finding), which

speaks for itself and is the best evidence of its content. Idaho denies any allegations

contrary to the actual language in the Service's 2010 12-month finding for

wolverine.

54. The allegations in paragraph 54 characterize a settlement agreement, which

speaks for itself and is the best evidence of its content. Idaho denies any allegations

contrary to the settlement's actual language. The allegations in the second sentence

of paragraph 54 reference the Service's 2013 proposed rule to list wolverine

published February 4, 2013, which speaks for itself and is the best evidence of its

content. Idaho denies any allegations contrary to the actual language of the

Service's 2013 proposed rule to list wolverine.

## III.    2013 PROPOSED LISTING RULE

55. The allegations in paragraph 55 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

56. The allegations in paragraph 56 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

57. The allegations in paragraph 57 characterizes the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

58. The allegations in the first, third, and fourth sentences of paragraph 58 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence of paragraph 58 and notes that they are contrary to subsequent determinations by the Service; for this reason, Idaho denies them.

14

59.  Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and second sentences of paragraph 59 and notes that they are contrary to subsequent determinations by the Service; for this reason Idaho denies them. The allegations in the third and fourth sentences of paragraph 59 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

60. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and second sentences of paragraph 60 and notes that they are contrary to subsequent determinations by the Service; for this reason, Idaho denies them. Idaho also notes that incidental trapping risk to wolverines is deemed very low in the contiguous United States, with the Idaho Department of Fish and Game in particular proactively implementing educational and regulatory measures to minimize non-target catch of wolverines. The allegations in the third sentence of paragraph 60 characterizes the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

61. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first sentence of paragraph 61, and notes that they are contrary to subsequent determinations by the Service; for this reason, Idaho denies them. The allegations in the second, third and fourth sentences of paragraph 61 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

## IV.    THE SERVICE'S 2014 WITHDRAWAL

62. The allegations in the first sentence in paragraph 62 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the ESA and its implementing regulations. The allegations in the second and third sentences in paragraph characterize the Service's proposed rule published February 5, 2014, announcing the 6-month extension of a final determination on the 2013 proposed rule to list wolverine (2014 Extension). Idaho denies any allegations contrary to the actual language of the Service's 2014 Extension.

63.  Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 63 and for this reason denies them.

64. The allegations in paragraph 64 characterize the Service's decision published October 13, 2014, withdrawing the proposed rule to list wolverine (2014 Withdrawal), which speaks for itself and is the best evidence of its content. Idaho denies all allegations contrary to the actual language of the 2014 Withdrawal.

65.  Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 65 and for this reason denies them.

## V.   THIS COURT'S 2016 RULING

66. The allegations in paragraph 66 cite case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the Court's plain language or meaning.

67. The allegations in paragraph 67 cite case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the Court's plain language or meaning.

68. The allegations in paragraph 68 cite case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the Court's plain language or meaning.

## VI.    THE SERVICE'S SUBSEQUENT DELAY

69. The allegations in paragraph 69 cite case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the Court's plain language or meaning. Idaho admits that it has been more than three years since the Court's decision regarding the Service's 2014 Withdrawal. For the remaining allegations, Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining factual allegations in paragraph 69 and for this reason denies them.

70. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 70 and for this reason denies them.

## VII.    THE CHALLENGED WITHDRAWAL DECISION

71. Idaho admits that the Service's decision referenced in paragraph 71 was published on October 13, 2020. The allegations in the second and third sentences of paragraph 71 characterize the Service's decision published October 13, 2020, withdrawing the proposed rule to list wolverine (2020 Withdrawal) which speaks for itself and is the best evidence of its content. Idaho denies all allegations contrary to the 2020 Withdrawal's actual language. The allegations in the fourth and fifth sentences of paragraph 71 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations.

**A. The Service's Negative DPS Finding**

72. The allegations in the first sentence in paragraph 72 characterize the Service's 1996 distinct population segment policy, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the language of the Service's 1996 distinct population segment policy. The allegations in the second sentence of paragraph 72 characterize the Service's 2013 proposed rule to list wolverine which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2013 proposed rule.

73. The allegations in paragraph 73 characterize the Service's 2010 12-month finding and 2020 Withdrawal, which speak for themselves are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the 2010 12-month finding and 2020 Withdrawal.

74. The allegations in the first sentence of paragraph 74 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies all allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 74 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations.

75. The allegations in the first, third, fourth, and fifth sentences in paragraph 75 are legal conclusions to which no response is required. To the extent a response is deemed required, Idaho denies the allegations. The allegations in the second sentence of paragraph 75 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

76. The allegations in the first and last sentences of paragraph 76 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. Idaho lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence of paragraph 76, and for this reason denies them. The allegations in the third, fourth, and fifth sentences of paragraph 76 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal

77. The allegations in the first, third, fourth, and sixth sentences of paragraph 77 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The allegations in the second sentence of paragraph 77 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any

allegations contrary to the actual language of the 2020 Withdrawal. Idaho lacks

knowledge or information sufficient to form a belief as to the truth and accuracy of

the factual allegations in the fifth sentence of paragraph 77 and for this reason

denies them.

78.   The allegations in the first and fourth sentences of paragraph 78 are legal

conclusions to which no response is required. To the extent that a response is

deemed required, Idaho denies the allegations. The allegations in the second, third,

fifth, and sixth sentences of paragraph 78 characterize the Service's 2014

Withdrawal and 2020 Withdrawal, which speak for themselves and are the best

evidence of their content. Idaho denies all allegations contrary to the actual

language of the Service's 2014 Withdrawal and 2020 Withdrawal.

79. The allegations in the first, second, and third sentences of paragraph 79

characterize the Service's 2013 proposed rule and 2020 Withdrawal, which speak

for themselves and are the best evidence of their content.  Idaho denies any

allegations contrary to the actual language of the Service's 2013 proposed rule and

2020 Withdrawal. The allegations in the last sentence of paragraph 79 are legal

conclusions to which no response is required. To the extent that an answer is

deemed required, Idaho denies the allegations.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

81. Idaho lacks sufficient knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first, third, and fourth sentences of paragraph 81 and for this reason denies them. The remaining allegations characterize the Service's 2010 12-month finding and 2020 Withdrawal, which speak for themselves and are the best evidence of their contents. Idaho denies any allegations contrary to the actual language of the 2010 12-month finding and the 2020 Withdrawal.

82. The allegations in the first sentence in paragraph 82 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its contents. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 82 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

83. The allegations in paragraph 83 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

**B. The Service's Dismissal of Threats Faced by the Wolverine**

84. The allegations in paragraph 84 are legal conclusions to which no response is required. To the extent that response is deemed required, Idaho denies the allegations.

1. <u>Climate Change Impacts</u>

85. The allegations in the first and last sentences of paragraph 85 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The allegations in the second and third sentences of paragraph 85 reference the ESA and case law, which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the ESA or the Court's plain language and meaning.

86. The allegations in the first sentence of paragraph 86 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies all allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 86 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

2. <u>Impact on Wolverine Denning</u>

87. The allegations in paragraph 87 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

88. Idaho lacks sufficient knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first sentence of paragraph 88 and for this reason denies them. The allegations in the second, third, and sixth sentences of paragraph 88 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The allegations in the third and fourth sentences of paragraph 88 reference a study cited as Copeland et al. (2010) and case law, which speaks for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of Copeland et al. (2010) or the Court's plain language and meaning. The allegations in the fifth sentence characterize case law, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the plain language and meaning of the Court.

89. The allegations in paragraph 89 characterize a study cited as Copeland et al. (2010) and the Service's 2020 Withdrawal, which speaks for themselves and are the best evidence of their content. Idaho denies any allegations inconsistent with the actual language of Copeland et al. (2010) and the 2020 Withdrawal. The allegation in the last sentence in paragraph 89 is a legal conclusion wot which no

response is required. To the extent that a response is required, Idaho denies the allegations.

90. The allegations in the first sentence of paragraph 90 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The remaining allegations in paragraph 90 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

91. The allegations in paragraph 91 reference and characterize a study cited as Web et al. (2016), which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of Webb et al. (2016). The allegation in the last sentence in paragraph 91 is a legal conclusion to which no response is required. To the extent that a response is required, Idaho denies the allegations.

92. The allegations in paragraph 92 characterize the Service's 2020 Withdrawal and 2014 Withdrawal, which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal and the 2014 Withdrawal. The allegation in the last sentence in paragraph 92 is a legal conclusion to which no response is required. To the extent that a response is required, Idaho denies the allegation.

25

3. <u>Persistence of Spring Snow</u>

93. The allegations in the first sentence of paragraph 93 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The allegations in the second sentence of paragraph 93 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

94. The allegations in paragraph 94 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

95. The allegations in paragraph 95 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

96. The allegation in the first sentence of paragraph 96 is a legal conclusion to which no response is required. To the extent that a response is required, Idaho denies the allegations. The remaining allegations in paragraph 96 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal or the referenced scientific studies.

97. The allegations in paragraph 97 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the last sentence of paragraph 97 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

### 4. Impacts Related to Small and Fragmented Population

98.  The allegations in paragraph 98 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

99. The allegations in paragraph 99 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the 2020 Withdrawal.

100. The allegations in paragraph 100 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Idaho denies the allegations in paragraph 100.

101.  The allegations in paragraph 101 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best

evidence of their content. To the extent that a further response is required, Idaho denies the allegations in paragraph 101.

    5. <u>Other Threats</u>

102.  The allegations in the first sentence of paragraph 102 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations. The remaining allegations in paragraph 102 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Idaho denies the allegations in paragraph 102.

103.  The allegations in paragraph 103 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Idaho denies the allegations in paragraph 103.

## FIRST CAUSE OF ACTION

**(Violation of Endangered Species act – Unlawful Distinct Population Segment Determination**

104.  This allegation incorporates by reference all previous paragraphs and, therefore, no response is required. To the extent that a response is required, Idaho incorporates by reference its answers to all previous paragraphs.

105. The allegations in paragraph 105 characterize the ESA and the Service's 1996 distinct population segment policy, which speak for themselves and are the best evidence of their content. Idaho denies any allegations contrary to the actual language of the ESA and the Service's 1996 distinct population segment policy.

106.  The allegations in paragraph 106 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

107. The allegations in paragraph 107 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

## SECOND CAUSE OF ACTION

### (Violation of Endangered Species act – Unlawful Evaluation of Threats to the Lower-48 Wolverine Population)

108. This allegation incorporates by reference all previous paragraphs and, therefore, no response is required. To the extent that a response is required, Idaho incorporates by reference its answers to all previous paragraphs.

109. The allegations in paragraph 109 characterize the ESA, which speaks for itself and is the best evidence of its content. Idaho denies any allegations contrary to the actual language of the ESA.

110. The allegations in paragraph 110 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

111. The allegations in paragraph 111 are legal conclusions to which no response is required. To the extent that a response is deemed required, Idaho denies the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' Prayer for Relief, which requires no response. To the extent that a response is deemed required, Idaho denies that Plaintiffs are entitled to the relief requested.

## GENERAL DENIAL

The State denies each allegation in the Complaint that has not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

Idaho reserves the right to assert additional affirmative defenses at a later date and asserts that the following defenses bar some or all of Plaintiffs' claims:

1. Plaintiffs allegations fail to state a claim upon which relief may be granted.

2. Plaintiffs fail to demonstrate standing to assert some or all of their claims.

3. This Court lacks jurisdiction over some or all of Plaintiffs' claims.

## PRAYER FOR RELIEF

Having fully answered, Defendant-Intervenor respectfully requests that this action be dismissed with prejudice.  Defendant-Intervenor further requests that judgment be entered denying Plaintiffs any relief, and that the Court award Defendant-Intervenor its attorney fees and costs and grant such other and further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 12 day of March 2021.

HON. LAWRENCE G. WASDEN
Attorney General

DARRELL EARLY
Chief of Natural Resources Division

OWEN MORONEY
Deputy Attorney General
600 S. Walnut Street
P.O. Box 25
Boise, ID 83707
owen.moroney@idfg.idaho.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on March 12, 2021, a copy of the foregoing document was served on the following persons by the following means:

      \_\_\_   CM/ECF
      \_\_\_   Hand Delivery
      _X_  Mail
      \_\_\_   Overnight Delivery Service
      \_\_\_   Fax
      _X_  E-Mail

Amanda Dalmendray Galvan
Earthjustice Legal Defense Fund
313 East Main Street
Bozeman, MT 59715
agalvan@earthjustice.org

Timothy J. Preso
Earthjustice Legal Defense Fund
313 East Main Street
Bozeman, MT 59715
tpreso@earthjustice.org

John R. Mellgren
Western Environmental Law Center
120 Shelton McMurphey Blvd.
Ste. 340
Eugene, OR 97401
mellgren@westernlaw.org

Matthew Kellogg Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
bishop@westernlaw.org

Kamela A. Caschette
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
kamela.caschette@usdoj.gov

OWEN MORONEY