JEAN E. WILLIAMS,
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel | (202) 305-0340; Fax | (202) 305-0275
Kamela.Caschette@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | Lead Case No. CV 20-181-M-DWM |
| Plaintiffs, | |
| v. | Member Case No. CV 20-183-M-DWM |
| SCOTT DE LA VEGA, et al., | |
| Defendants. | ANSWER IN MEMBER CASE |
| WILDEARTH GUARDIANS, et al., | |
| Plaintiffs, | |
| v. | |
| SCOTT DE LA VEGA, et al., | |
| Defendants. | |

1

Defendants Scott de la Vega, in his official capacity as Acting Secretary of the U.S. Department of the Interior; the U.S. Department of the Interior; Martha Williams, in her official capacity as Senior Advisor to the Secretary, Exercising the Delegated Authority of the Acting Director of the U.S. Fish and Wildlife Service (the "Service"); and the Service (collectively, "Defendants"), by and through counsel, in response to the like-numbered paragraphs of the Complaint in the Member Case, *WildEarth Guardians v. de la Vega*, 9:20-cv-00183-DWM, ECF No. 1, hereby respond as follows:

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.

2.      The allegations in Paragraph 2 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.  Additionally, the allegations purport to characterize the Withdrawal of the Proposed Rule for the North American Wolverine, 85 Fed. Reg. 64,618 (Oct. 13, 2020) ("2020 Withdrawal of the Proposed Rule"), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

3.      The allegations in the first sentence of Paragraph 3 constitute

Plaintiffs' characterization of their case, to which no response is necessary.  To the

extent a response is required, Defendants deny the allegations on that basis.  As for

the second sentence, it purports to characterize the Withdrawal of the Proposed

Rule for the North American Wolverine, 79 Fed. Reg. 47,522 (Aug. 13, 2014)

("2014 Withdrawal of the Proposed Rule"), which speaks for itself and is the best

evidence of its contents.  The allegations in the third sentence of Paragraph 3

purport to characterize the Complaint for Declaratory and Injunctive Relief filed in

*Defenders of Wildlife v. Jewell*, Case No. 9:14-cv-246-DLC (D. Mont.), which

speaks for itself and is the best evidence of its contents.  Any allegations

inconsistent with its plain language, meaning, and/or context are denied. As for the

allegations in the fourth sentence, they purport to characterize *Defenders of*

*Wildlife v. Jewell*, 176 F. Supp. 3d 975 (D. Mont. 2016), which speaks for itself

and is the best evidence of its contents.  Any allegations inconsistent with its plain

language, meaning, and/or context are denied.

4.      The allegations in the first and second sentences of Paragraph 4

purport to characterize the March 1, 2018 Species Status Assessment for the North

American Wolverine (*Gulo gulo luscus*) ("SSA"), which speaks for itself and is the

best evidence of its contents. Any allegations inconsistent with its plain language,

meaning, and/or context are denied. As for the allegations in the second, third, or

fourth sentences, Defendants deny that a draft SSA was shared and discussed with various industry groups.  The remaining allegations in the second sentence purport to characterize emails from October 26 and 30, 2017, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied. The remaining allegations in the third and fourth sentences purport to characterize comments submitted by the states, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.  In response to the allegations in the fifth and sixth sentences of Paragraph 4, Defendants admit that a draft of the SSA was not shared with Plaintiffs, other conservation organizations, or five previous reviewers, but aver that it was sent to four independent peer reviewers and was not shared with industry groups.  To the extent the allegations in the fifth sentence purport to characterize a Freedom of Information Act ("FOIA") request submitted by Plaintiffs, that document speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

5.     The allegations in the first three sentences of Paragraph 5 purport to characterize the 2020 Withdrawal of Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  As for the allegations in the last

sentence, they constitute Plaintiffs' characterization of their case and legal

conclusions to which no response is necessary.  To the extent a response is

required, Defendants deny the allegations.

6.      Defendants lack sufficient knowledge as to the truth of the allegations

in the first sentence of Paragraph 6, and on that basis deny them.  The allegations

in the second sentence constitute Plaintiffs' characterization of their case and legal

conclusions, to which no response is necessary.  To the extent a response is

required, Defendants deny the allegations.

7.      The allegations in Paragraph 7 are legal conclusions, to which no

response is necessary.  To the extent a response is required, Defendants deny the

allegations.

8.      The allegations in Paragraph 8 are legal conclusions, to which no

response is necessary.  To the extent a response is required, Defendants deny the

allegations.

9.      Defendants admit that they received a letter from Plaintiffs dated

October 13, 2020 titled "Sixty-day notice of intent to sue over decision to

withdraw proposed rule to list wolverine."  The remaining allegations in Paragraph

9 are legal conclusions to which no response is necessary, and to the extent a

response is required, Defendants deny the allegations on that basis.  Additionally,

to the extent the allegations purport to characterize the October 13, 2020 letter, the

Endangered Species Act, 16 U.S.C. § 1533, *et seq.* ("ESA"), and documents associated with the purported service and receipt of the October 13, 2020 letter, those documents speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and/or context are denied.

10.    The allegations in Paragraph 10 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

11.    The allegations in Paragraph 11 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

12.    The allegations in Paragraph 12 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

13.    Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 13, and on that basis deny them.

14.    Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 14, and on that basis deny them.

15.    Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 16, and on that basis deny them.

17.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 17, and on that basis deny them.

18.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 18, and on that basis deny them.

19.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 19, and on that basis deny them.

20.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 20, and on that basis deny them.

21.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 21, and on that basis deny them.

22.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 22, and on that basis deny them.

23.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 23, and on that basis deny them.

24.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 25, and on that basis deny them.

26.     The allegations in Paragraph 26 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

27.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 27, and on that basis deny them.

28.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 28, and on that basis deny them.

29.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 29, and on that basis deny them.

30.     Defendants lack sufficient knowledge as to the truth of the allegations in Paragraph 30, and on that basis deny them.

31.     The allegations in the first and third sentences of Paragraph 31 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.  The allegations in the second sentence purport to characterize the 2020 Withdrawal of the Proposed Rule and the ESA, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

32.     The allegations in Paragraph 32 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

33.     The allegations in Paragraph 33 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

34.     Defendants deny that David Bernhardt is the Secretary of the Interior and aver that Scott de la Vega is currently the Acting Secretary of the Interior.  The remaining allegations in Paragraph 34 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

35.     Defendants admit the allegations in Paragraph 35, but aver that the Department of the Interior is a federal agency of the United States.  The remaining allegations in Paragraph 35 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and/or context are denied.

36.     Defendants deny that Aurelia Skipwith is the Director of the Service, and aver that Martha Williams is presently acting in that capacity as Senior Advisor to the Secretary, Exercising the Delegated Authority of the Acting

9

Director of the Service.  The remaining allegations in in Paragraph 36 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

37.     Defendants admit the allegations in Paragraph 37, but aver that the Service is a federal bureau within the U.S. Department of the Interior.  The remaining allegations in Paragraph 37 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

38.     Defendants admit the allegations in Paragraph 38, but aver that the scientific name is *Gulo gulo luscus*. Defendants admit that the picture included with Paragraph 38 appears to be a picture of a North American wolverine.

39.     The allegations in Paragraph 39 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

40.     Defendants deny the allegations in the first sentence of Paragraph 40, except admit that the wolverine has five toes on each foot with curved claws used for digging and climbing.  The allegations in the second sentence characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

10

41.     Defendants admit the allegations in the first sentence of Paragraph 41. The remaining allegations in Paragraph 41 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

42.     The allegations in Paragraph 42 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

43.     Defendants admit the allegations in the first and seventh sentences of Paragraph 43.  Defendants deny the allegations in the second sentence of Paragraph 43, except admit that a large number of female wolverines are capable of giving birth at two years of age with the average age at first reproduction of 3.4 years.  Defendants deny the allegations in the third sentence, except admit that female wolverines become pregnant most years.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the fourth and sixth sentences and deny them on that basis.  The allegations in the fifth sentence are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

44.     Defendants admit the allegations in the first sentence of Paragraph 44, but aver that not all natal dens are excavated in snow.  Defendants admit the allegations in the second sentence, but aver that not all dens have these characteristics.  The allegations in the third sentence are too vague and ambiguous to permit a response, and Defendants deny them on that basis.  As for the

11

allegations in the fourth and eighth sentences, they purport to characterize a 2010 study conducted by Copeland ("2010 Copeland Study"), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the remaining allegations in Paragraph 44.

45.    The allegations in the first sentence of Paragraph 45 purport to characterize an unnamed survey, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the second sentence.

46.    The allegations in Paragraph 46 characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

47.     The allegations in Paragraph 47 characterize a 1998 study conducted by Magoun and Copeland, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

48.    Defendants admit the allegations in Paragraph 48, but aver that wolverines may continue to use the natal den through late April and early May.

49.    Defendants admit the allegations in the first sentence of Paragraph 49. Defendants deny the allegations in the second sentence, except admit that

wolverines generally select areas that are cold.  The allegations in the third sentence of Paragraph 49 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

50.      Defendants admit the allegations in the first and second sentences. The allegations in the third sentence of Paragraph 50 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

51.      Defendants admit the allegations in the first sentence of Paragraph 51. The remaining allegations characterize unnamed documents, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

52.      Defendants deny the allegations in the first sentence of Paragraph 52, except admit that wolverines' territories in Montana at Glacier National Park, for example, range from 193 square miles for males and 55 square miles for females. Defendants admit the allegations in the second and third sentences.

53.      Defendants deny the allegations in the first sentence of Paragraph 53, except admit that in the conterminous 48 states, wolverine historically occurred in areas including: the Rocky Mountain states of Idaho, Montana, Wyoming, Colorado, Utah, and New Mexico; the North Cascades Range; and the Sierra Nevada. Defendants deny the allegations in the second sentence, except admit that only occasional transient wolverines occurred in the Great Lakes, Great Plains,

13

Midwest, and Northeastern United States.  The remaining allegations in Paragraph 53 characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

54.    Defendants admit that the map submitted with the allegations in Paragraph 54 appears to be a February 1, 2013 map titled "Modeled Wolverine Habitat in Western United States."  The allegations in the first sentence of Paragraph 54 characterize a 2007 study conducted by Inman, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second sentence are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

55.    Defendants deny the allegations in the first sentence of Paragraph 55, except admit that in the conterminous 48 states, wolverines likely exist as a metapopulation. Defendants admit the allegations in the remaining sentences.

56.    Defendants deny the allegations in the first sentence of Paragraph 56, except admit that wolverines in Canada are now considered to be a panmictic core population and eastern peripheral population.  Defendants deny the allegations in the second and third sentences, except admit that a panmictic population means a

14

well-mixed population, in which individuals mate randomly across the entire range.

57.     Defendants admit the allegations in the first sentence of Paragraph 57, but aver that trapping occurred before the 1800s.  Defendants admit the allegations in the second sentence.  The allegations in the third and fourth sentences are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

58.     The allegations in Paragraph 58 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.  Additionally, these allegations characterize unnamed scientific studies, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

59.     The allegations in Paragraph 59 purport to characterize the 12-Month Finding on a Petition to List the North American Wolverine as Endangered or Threatened, 75 Fed. Reg. 78,030 (Dec. 14, 2010) ("2010 Finding"), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

60.     The allegations in Paragraph 60 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any

15

allegations inconsistent with its plain language, meaning, and/or context are denied.

61.    The allegations in Paragraph 61 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

62.    The allegations in Paragraph 62 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

63.    The allegations in Paragraph 63 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

64.    The allegations in Paragraph 64 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

65.    The allegations in Paragraph 65 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any

allegations inconsistent with its plain language, meaning, and/or context are denied.

66.     The allegations in Paragraph 66 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

67.     The allegations in Paragraph 67 purport to characterize the 2010 Finding, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

68.     The allegations in Paragraph 68 purport to characterize the proposed rule Threatened Status for the Distinct Population Segment of the North American Wolverine Occurring in the Contiguous United States, 78 Fed. Reg. 7,864 (Feb. 4, 2013) ("2013 Proposed Rule"), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

69.     The allegations in Paragraph 69 purport to characterize the contents of a peer review of the 2013 Proposed Rule conducted by Schwartz, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

70.    The allegations in Paragraph 70 purport to characterize the 2013 Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

71.    The allegations in Paragraph 71 purport to characterize the 2013 Proposed Rule and a 2010 study conducted by Copeland ("2010 Copeland Study"), which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

72.    The allegations in Paragraph 72 purport to characterize the 2010 Copeland Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

73.    The allegations in Paragraph 73 purport to characterize the 2010 Copeland Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

74.    The allegations in Paragraph 74 purport to characterize the 2010 Copeland Study, which speaks for itself and is the best evidence of its contents.

Any allegations inconsistent with its plain language, meaning, and/or context are denied.

75.     The allegations in Paragraph 75 purport to characterize the 2010 Copeland Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

76.     The allegations in Paragraph 76 purport to characterize the 2013 Proposed Rule and the contents of a 2011 study conducted by McKelvey ("2011 McKelvey Study"), which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

77.     The allegations in Paragraph 77 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

78.     The allegations in Paragraph 78 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

79.     The allegations in Paragraph 79 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

80.     The allegations in Paragraph 80 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

81.     The allegations in Paragraph 81 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

82.     The allegations in the first sentence of Paragraph 82 are legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied on that basis.  As for the allegations in the second sentence, they purport to characterize the 2013 Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

83.     The allegations in the first and second sentence of Paragraph 83 purport to characterize the 2013 Proposed Rule, which speaks for itself and is the

best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the third sentence are legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied on that basis.

84.     The allegations in Paragraph 84 purport to characterize the 2013 Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

85.     The allegations in Paragraph 85 purport to characterize the 2013 Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

86.     The allegations in Paragraph 86 are legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied on that basis.

87.     Defendants admit the allegations in the first sentence of Paragraph 87. The allegations in the second sentence purport to characterize March 6, 2013 Letters titled "Request for Peer Review of the Notice of the Proposed Listing of a Distinct Population Segment of the North American Wolverine Occurring in the Contiguous United States, and Establishment of a Nonessential Experimental

Population of the North American Wolverine in Colorado, Wyoming, and New Mexico," which speak for themselves and are the best evidence of their contents. The allegations in the third sentence of Paragraph 87 purport to characterize the contents of unnamed peer reviews, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and/or context are denied.

88.     The allegations in Paragraph 88 purport to characterize peer reviews of the 2013 Proposed Rule conducted by Dr. John Squires, Dr. Michael Schwartz, William Zielinski, Jeff Copeland, and Keith Aubry, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and/or context are denied.

89.     Defendants admit the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 purport to characterize the contents of a 2013 draft recovery outline for the wolverine, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

91.     The allegations in Paragraph 91 purport to characterize the contents of a 2013 draft recovery outline for the wolverine, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

92.     Defendants admit the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 purport to characterize statements made by the science panelists, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

94.     The allegations in Paragraph 94 purport to characterize statements made by the science panelists, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

95.     The allegations in Paragraph 95 purport to characterize statements made by the science panelists, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

96.     The allegations in Paragraph 96 purport to characterize a July 31, 2014 letter to the Service from the American Society of Mammalogists and the Society for Conservation Biology, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

97.     The allegations in Paragraph 97 purport to characterize a July 31, 2014 letter to the Service from fifty-six wildlife ecologists and conservation

23

biologists, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

98.   The allegations in Paragraph 98 purport to characterize the 2014 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

99.   The allegations in Paragraph 99 purport to characterize the 2014 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

100.   The allegations in Paragraph 100 purport to characterize the 2014 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

101.   The allegations in Paragraph 101 purport to characterize the 2014 Withdrawal of the Proposed Rule and a 2009 study conducted by Schwartz ("2009 Schwartz Study"), which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

24

102.   The allegations in Paragraph 102 purport to characterize the contents of *Defenders of Wildlife v. Jewell*, 176 F. Supp. 3d 975 (D. Mont. 2016), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

103.   The allegations in Paragraph 103 purport to characterize the contents of *Defenders of Wildlife v. Jewell*, 176 F. Supp. 3d 975 (D. Mont. 2016), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

104.   Defendants admit the allegations in Paragraph 104.

105.   The allegations in Paragraph 105 purport to characterize a January 3, 2017 version of the project plan, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

106.   The allegations in Paragraph 106 purport to characterize an unnamed document, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

107.   Defendants deny the allegations in Paragraph 107, except admit that the Service prepared a draft SSA in October 2017.

108.   The allegations in Paragraph 108 purport to characterize emails from October 26 and 30, 2017, and comments submitted by states to the Service, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

109.   Defendants deny the allegations in Paragraph 109.

110.   Defendants admit the allegations in the first four sentences of Paragraph 110.  The allegations in the fifth sentence are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

111.   Defendants admit the allegations in Paragraph 111, but aver that the four biologists were not previously peer reviewers for the 2013 Proposed Rule.

112.   The allegations in Paragraph 112 purport to characterize peer reviewer reports, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, and/or context are denied.

113.   The allegations in Paragraph 113 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

114.   The allegations in Paragraph 114 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best

26

evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

115.   The allegations in Paragraph 115 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

116.   The allegations in Paragraph 116 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

117.   The allegations in Paragraph 117 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

118.   The allegations in Paragraph 118 purport to characterize the contents of an unidentified peer review report, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

119.   Defendants deny the allegations in Paragraph 119, except admit that the SSA was made publicly available in March 2018.

27

120.   The allegations in the first sentence of Paragraph 120 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second and third sentences constitute Plaintiffs' characterization of their case and legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.  The allegations in the fourth sentence purport to characterize the contents of a 2017 study conducted by Heim, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the fifth sentence are vague and ambiguous, and Defendants are unable to form a belief as to their truth.  Therefore, Defendants deny them on that basis.  Defendants deny the allegations in the sixth sentence.

121.   The allegations in the first sentence of Paragraph 121 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the second sentence.

122.   The allegations in Paragraph 122 purport to characterize the contents of a 2016 study conducted by Webb ("2016 Webb Study") and the 2014 Withdrawal of the Proposed Rule, which speak for themselves and are the best

28

evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

123.   The allegations in Paragraph 123 purport to characterize the 2016 Webb Study and the 2010 Copeland Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

124.   The allegations in Paragraph 124 purport to characterize the 2016 Webb Study and the 2010 Copeland Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

125.   The allegations in Paragraph 125 purport to characterize the 2016 Webb Study and the 2010 Copeland Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

126.   The allegations in Paragraph 126 purport to characterize the SSA, 2016 Webb Study and the 2010 Copeland Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

127.   The allegations in the first seven sentences of Paragraph 127 purport to characterize the 2016 Webb Study, which speaks for itself and is the best

evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. Defendants admit the allegations in the last sentence of Paragraph 127.

128. The allegations in the first sentence of Paragraph 128 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. The allegations in the second sentence are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 and deny them on that basis.

129. The allegations in the first sentence of Paragraph 129 purport to characterize the Final SSA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. The allegations in the second sentence are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations on that basis. Defendants deny the allegations in the third sentence. The allegations in the fourth sentence characterize a 2010 study conducted by Copeland ("2010 Copeland Study"), which speaks for itself and is

the best evidence of its contents.  Any allegations inconsistent with its plain

language, meaning, and/or context are denied.

130.   The allegations in the first sentence of Paragraph 130 purport to

characterize the SSA, which speaks for itself and is the best evidence of its

contents.  Any allegations inconsistent with its plain language, meaning, and/or

context are denied.  The allegations in the second sentence are legal conclusions to

which no response is necessary.  To the extent a response is required, Defendants

deny the allegations on that basis.  Defendants deny the allegations in the third and

fifth sentences.  Defendants deny the allegations in the fourth sentence, except

admit that wolverine inhabit a variety of landscapes from northern Canada to the

mountains of the contiguous United States.  The allegations in the last sentence

purport to characterize a 2007 study by Aubry, which speaks for itself and is the

best evidence of its contents.  Any allegations inconsistent with its plain language,

meaning, and/or context are denied.

131.   The allegations in the first sentence of Paragraph 131 purport to

characterize the Final SSA, which speaks for itself and is the best evidence of its

contents.  Any allegations inconsistent with its plain language, meaning, and/or

context are denied.  Defendants deny the allegations in the second sentence.

132.   The allegations in Paragraph 132 purport to characterize a 2017 study

conducted by Ray ("2017 Ray Study"), which speaks for itself and is the best

evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

133.   The allegations in Paragraph 133 purport to characterize the 2017 Ray Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

134.   The allegations in the first and second sentences of Paragraph 134 purport to characterize the 2017 Ray Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants admit that 2055 is 35 years after 2020, the year the lawsuit was filed.  The allegations in the last sentence of Paragraph 134 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

135.   The allegations in the first, second, fourth, and fifth sentences of Paragraph 135 purport to characterize the 2017 Ray Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants admit the allegations in the third sentence.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the sixth sentence and deny them on that basis.  The remaining allegations in Paragraph 135 purport to characterize

scientific surveys, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

136.   The allegations in the second and third sentences of Paragraph 136 are vague and ambiguous, and Defendants are unable to form a belief as to their truth. Therefore, Defendants deny them on that basis.  The remaining allegations in Paragraph 136 purport to characterize the 2017 Ray Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

137.   The allegations in Paragraph 137 purport to characterize the 2017 Ray Study and 2011 McKelvey Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

138.   The allegations in Paragraph 138 purport to characterize the 2011 McKelvey Study, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.

139.   The allegations in Paragraph 139 purport to characterize the 2017 Ray Study and 2011 McKelvey Study, which speak for themselves and are the best

evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

140.   The allegations in Paragraph 140 purport to characterize the 2017 Ray Study and 2011 McKelvey Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

141.   The allegations in the first, second, and fourth sentences of Paragraph 141 purport to characterize the 2017 Ray Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the third, fifth, and sixth sentences are vague and ambiguous, and Defendants are unable to form a belief as to their truth.  Therefore, Defendants deny them on that basis.

142.   The allegations in the first sentence of Paragraph 142 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  As for the allegations in the second sentence, they are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

143.   The allegations in the first sentence of Paragraph 143 purport to characterize the SSA, which speaks for itself and is the best evidence of its

contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second and third sentences are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.  Defendants deny the allegations in the fourth and fifth sentences.  The remaining allegations are vague and ambiguous, and Defendants are unable to form a belief as to their truth. Therefore, Defendants deny them on that basis.

144.   The allegations in the first and third sentences of Paragraph 144 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  As for the allegations in the second sentence, they are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

145.   The allegations in Paragraph 145 purport to characterize the SSA, 2007 Schwartz Study, 2009 Schwartz Study, and 2014 McKelvey Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied. Additionally, the allegations in the second sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

35

146.   The allegations in the first sentence of Paragraph 146 purport to characterize the SSA, while the allegations in the third, fourth, fifth, and sixth sentences purport to characterize a 2019 study conducted by Heinemeyer ("2019 Heinemeyer Study").  These documents speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.  Additionally, the allegations in the second sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

147.   The allegations in the first sentence of Paragraph 147 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  As for the allegations in the second sentence, they are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

148.   The allegations in the first and second sentences of Paragraph 148 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the third, sixth, and seventh sentences are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.  The remaining allegations

in Paragraph 148 are vague and ambiguous, and Defendants are unable to form a belief as to their truth.  Therefore, Defendants deny them on that basis.

149.   The allegations in the first sentence of Paragraph 149 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis. The remaining allegations in Paragraph 149 are vague and ambiguous, and Defendants are unable to form a belief as to their truth. Therefore, Defendants deny them on that basis.

150.   The allegations in the first sentence of Paragraph 150 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis. The remaining allegations in Paragraph 150 are vague and ambiguous, and Defendants are unable to form a belief as to their truth. Therefore, Defendants deny them on that basis.

151.   The allegations in the first sentence of Paragraph 151 purport to characterize the SSA, which speaks for itself and is the best evidence of its

37

contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the second sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis. The remaining allegations in Paragraph 151 are vague and ambiguous, and Defendants are unable to form a belief as to their truth. Therefore, Defendants deny them on that basis.

152.   The allegations in Paragraph 152 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

153.   The allegations in Paragraph 153 purport to characterize the SSA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

154.   Defendants admit that the Service published the 2020 Withdrawal of the Proposed Rule in the Federal Register on October 13, 2020.  To the extent the allegations in Paragraph 154 purport to characterize the 2020 Withdrawal of the Proposed Rule, that document speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

155.   The allegations Paragraph 155 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence

of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

156.   The allegations in the first five sentences of Paragraph 156 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the sixth sentence.  The remaining allegations in Paragraph 156 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

157.   The allegations in the first, third, and fifth sentences of Paragraph 157 purport to characterize the 2020 Withdrawal of the Proposed Rule and the 2011 McKelvey Study, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.  The allegations in the second, fourth, and sixth sentences are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis. Defendants deny the remaining allegations.

158.   The allegations in the first sentence of Paragraph 158 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain

language, meaning, and/or context are denied.  Defendants deny the allegations in the second sentence.  The allegations in the third sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

159.   The allegations in the first sentence of Paragraph 159 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the second sentence.  The allegations in the third sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

160.   The allegations in the first sentence of Paragraph 160 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the second sentence.  The allegations in the third sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

161.   The allegations in the first and second sentences of Paragraph 161 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks

for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. Defendants deny the allegations in the third sentence. The allegations in the fourth sentence are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations on that basis.

162. The allegations in the first sentence of Paragraph 162 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. Defendants deny the allegations in the second sentence. The allegations in the third sentence are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations on that basis.

163. The allegations in the first sentence of Paragraph 163 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied. Defendants deny the allegations in the second sentence. The allegations in the third sentence are legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations on that basis.

164.   The allegations in the first, second, and fourth sentences of Paragraph 164 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The allegations in the third sentence are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

165.   Defendants hereby incorporate by reference each and every response to the allegations in Paragraphs 1 through 164 above.

166.   The allegations in Paragraph 166 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

167.   The allegations in Paragraph 167 purport to characterize Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act, 61 Fed. Reg. 4722 (Feb. 7, 1996) ("DPS Policy"), which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

168.   The allegations in Paragraph 168 purport to characterize the DPS Policy, which speaks for itself and is the best evidence of its contents.  Any

allegations inconsistent with its plain language, meaning, and/or context are denied.

169.   The allegations in Paragraph 169 purport to characterize the DPS Policy, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

170.   The allegations in Paragraph 170 purport to characterize the DPS Policy, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

171.   The allegations in the first, third, fourth, and seventh sentences are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis. The allegations in the second sentence of Paragraph 171 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with its plain language, meaning, and/or context are denied.  Defendants deny the allegations in the fifth and sixth sentences, except admit that the 2020 Withdrawal of the Proposed Rule was not subject to peer review or public comment.

172.    The allegations in the third and fourth sentences purport to characterize the 2009 Schwartz Study, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The remaining allegations in Paragraph 172 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

173.    The allegations in Paragraph 173 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

174.    Defendants hereby incorporate by reference each and every response to the allegations in Paragraphs 1 through 173 above.

175.    The allegations in Paragraph 175 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.

176.    The allegations in Paragraph 176 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

177.    The allegations in Paragraph 177 are legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

178.   Defendants hereby incorporate by reference each and every response to the allegations in Paragraphs 1 through 177 above.

179.   The allegations in Paragraph 179 purport to characterize the ESA and its implementing regulations and policies, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

180.   The allegations in the last sentence of Paragraph 180 purport to characterize the 60-Day Notice of Intent to Sue dated October 13, 2020 that was sent to the Service by Plaintiffs, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with its plain language, meaning, and/or context are denied.  The remaining allegations in Paragraph 180 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations.

181.   The allegations in Paragraph 181 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

182.   Defendants hereby incorporate by reference each and every response to the allegations in Paragraphs 1 through 181 above.

183.   The allegations in Paragraph 183 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

184.   The allegations in Paragraph 170 purport to characterize the ESA and the 2009 Solicitor Memorandum (M-Opinion 37021), which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

185.   The allegations in Paragraph 185 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

186.   The allegations in Paragraph 186 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

187.   The allegations in Paragraph 187 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

188.   The allegations in Paragraph 188 purport to characterize the 2020 Withdrawal of the Proposed Rule and the ESA's implementing regulations, which

speak for themselves and are the best evidence of their contents.  Any allegations

inconsistent with their plain language, meaning, and/or context are denied.

189.   The allegations in the first, second, third, and eighth sentences of

Paragraph 189 are legal conclusions, to which no response is necessary.  To the

extent a response is required, Defendants deny the allegations on that basis.  As for

the remaining allegations, they purport to characterize the Final SSA and an

Intergovernmental Panel on Climate Change report, which speak for themselves

and are the best evidence of their contents.  Any allegations inconsistent with their

plain language, meaning, and/or context are denied.

190.   The allegations in Paragraph 190 are legal conclusions, to which no

response is necessary.  To the extent a response is required, Defendants deny the

allegations on that basis.

191.   The allegations in Paragraph 191 are legal conclusions, to which no

response is necessary.  To the extent a response is required, Defendants deny the

allegations on that basis.

192.   Defendants hereby incorporate by reference each and every response

to the allegations in Paragraphs 1 through 191 above.

193.   The allegations in Paragraph 193 purport to characterize the ESA and

its implementing regulations, which speak for themselves and are the best evidence

of their contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

194.   The allegations in Paragraph 194 purport to characterize the 2020 Withdrawal of the Proposed Rule, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with their plain language, meaning, and/or context are denied.

195.   The allegations in Paragraph 195 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

196.   The allegations in Paragraph 196 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendants deny the allegations on that basis.

The remainder of Plaintiffs' Complaint consists of Plaintiffs' request for relief, to which no response is necessary. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## **GENERAL DENIAL**

Defendants expressly deny any allegations contained in Plaintiffs'
Complaint, whether express or implied, that are not specifically admitted, denied,
or qualified.

## **AFFIRMATIVE OR OTHER DEFENSES**

Without limiting or waiving any defenses available to it, Defendants hereby assert:

A.     To the extent that Plaintiffs have failed to state a claim on which relief
can be granted, any such claim should be dismissed.

B.     To the extent that the Court lacks subject matter jurisdiction over
some or all of the claims in the Complaint, any such claim should be dismissed.

C.     To the extent that Plaintiffs have failed to comply with the ESA's
sixty-day notice provision as set forth in 16 U.S.C. § 1540(g)(2)(C), their claims
should be dismissed.

Defendants reserve the right to assert any other claims or defenses as may be
available, or may become available during the course of these proceedings.

Dated: March 15, 2021

Respectfully submitted,

JEAN E. WILLIAMS,
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
Wildlife & Marine Resources Section

*/s/ Kamela A. Caschette*
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel | (202) 305-0340; Fax | (202) 305-0275
Kamela.Caschette@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I, Kamela A. Caschette, hereby certify that, on March 15, 2021, I caused the

foregoing to be served upon counsel of record through the Court's CM/ECF

system.  I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Kamela A. Caschette*
KAMELA A. CASCHETTE, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel | (202) 305-0340; Fax | (202) 305-0275
Kamela.Caschette@usdoj.gov

*Attorney for Federal Defendants*