# EXHIBIT

# A

[Proposed *Answer* of Applicants]

MATTHEW G. MONFORTON
Montana Bar # 5245
MONFORTON LAW OFFICE, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile: (406) 551-6919
E-mail: matthewmonforton@yahoo.com

DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
SAWTOOTH LAW OFFICES, PLLC
Golden Eagle Building
1101 W. River St., Ste. 110
Boise, Idaho 83702
Telephone: (208) 629-7447
Facsimile: (208) 629-7559
E-mail: david@sawtoothlaw.com

Attorneys for Applicants for Intervention

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
(MISSOULA DIVISION)

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, *et al.*, | Lead Case No. CV 20-181-M-DWM |
| Plaintiffs, | Member Case No. CV 20-183-M-DWM |
| vs. | |
| **DEB HAALAD**, *et al.*, | **RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED COMPLAINT** |
| Defendants; | |
| and | |

RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED
COMPLAINT – Page 1

**STATE OF IDAHO**, an Idaho
nonprofit corporation;

Defendant-Intervenor;

and

**IDAHO STATE SNOWMOBILE
ASSOCIATION, INC.,** an Idaho
nonprofit corporation; **IDAHO
RECREATION COUNCIL, INC.,** an
Idaho nonprofit corporation;
**COLORADO SNOWMOBILE
ASSOCIATION**, a Colorado nonprofit
organization; **BACKCOUNTRY
SLED PATRIOTS**, a Montana
nonprofit organization; **CITIZENS
OFR BALANCED USE**, a Montana
nonprofit organization; **UNITED
SNOWMOBILE ALLIANCE**, a New
Hampshire nonprofit organization;
**AMERICAN COUNCIL OF
SNOWMOBILE ASSOCIATIONS**, a
Michigan nonprofit organization; **OFF
ROAD BUSINESS ASSOCIATION**,
a California nonprofit organization;
**COLORADO OFF HIGHWAY
VEHICLE COALITION**, a Colorado
nonprofit organization; **TRAILS
PRESERVATION ALLIANCE**, a
Colorado nonprofit organization;
**UNITED FOUR WHEEL DRIVE
ASSOCIATION**, a California
nonprofit organization;
**CLEARWATER COUNTY BOARD
OF COMMISSIONERS**, a political
subdivision of the State of Idaho;
**IDAHO COUNTY BOARD OF
COMMISSIONERS**, a political
subdivision of the State of Idaho;

RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED
COMPLAINT – Page 2

**BONNER COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho;
**VALLEY COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho;
**ADAMS COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho;
**LINCOLN COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana;
**MINERAL COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana;
**RAVALLI COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana;

Applicants for Intervention.

Pursuant to Fed. R. Civ. P. 8, proposed Intervenor-Applicants – **IDAHO STATE SNOWMOBILE ASSOCIATION, INC.,** an Idaho nonprofit corporation; **IDAHO RECREATION COUNCIL, INC.,** an Idaho nonprofit corporation; **COLORADO SNOWMOBILE ASSOCIATION**, a Colorado nonprofit organization; **BACKCOUNTRY SLED PATRIOTS**, a Montana nonprofit organization; **CITIZENS OFR BALANCED USE**, a Montana nonprofit organization; **UNITED SNOWMOBILE ALLIANCE**, a New Hampshire nonprofit organization; **AMERICAN COUNCIL OF SNOWMOBILE**

**ASSOCIATIONS**, a Michigan nonprofit organization; **OFF ROAD BUSINESS ASSOCIATION**, a California nonprofit organization; **COLORADO OFF HIGHWAY VEHICLE COALITION**, a Colorado nonprofit organization; **TRAILS PRESERVATION ALLIANCE**, a Colorado nonprofit organization; **UNITED FOUR WHEEL DRIVE ASSOCIATION**, a California nonprofit organization; **CLEARWATER COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho; **IDAHO COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho; **BONNER COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho; **VALLEY COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho; **ADAMS COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Idaho; **LINCOLN COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana; **MINERAL COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana; **RAVALLI COUNTY BOARD OF COMMISSIONERS**, a political subdivision of the State of Montana – (herein "Recreational and County Group") answers Center for Biological Diversity's, *et al.* ("Plaintiffs") *First Amended Complaint*, Dkt. 5 ("Complaint") as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted and therefore ought to be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

2. Recreational and County Group denies each and every allegation and averment set forth in the Complaint unless otherwise expressly admitted herein.

## THIRD DEFENSE

3. The allegations in paragraph 1 constitute Plaintiffs' introduction and characterization of the lawsuit for which no answer or response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

4. The allegations of paragraph 2 are denied except as follows. Recreational and County Group admits that in the lower-48 United States, the wolverine is a rare and elusive resident of high mountain landscapes. Recreational and County Group adds that wolverines are adapted to live in high-altitude and high-latitude ecosystems characterized by deep snow and cold temperatures. However, wolverines have denned outside of heavy snowpack with multiple factors playing a role in den site selection. Wolverine observations and

denning habitat are correlated with deep snow cover, but not always, suggesting some plasticity in denning requirements. Areas of significant snowpack will likely persist in the future in areas where wolverines are known to den, continuing to support wolverines. Areas of the United States do not reflect historic or traditional habitat for wolverines and instead are fringe habitat to which wolverine travel when native range becomes overpopulated. To the extent a further response is deemed required, Recreational and County Group denies the allegations.

5. The allegations of paragraph 3 are denied except as follows. Wolverines naturally occur in low densities across their global range. Current western U.S. population estimates range from 250 to 318 individuals, reflecting the estimated population prior to European settlement. These levels suggest that wolverines have reclaimed large expanses of their historical range in the contiguous U.S. after historical lows or local extirpations in the early 1900s. This pattern is evident in Idaho, where wolverines have been reported in 34 of 44 (77%) counties and presently occur in most, if not all, historically occupied habitat in Idaho. This resurgence is likely attributed to the important refugia provided by Idaho's large wilderness areas and the wolverine's status as a state-protected species since 1965. To the extent a further response is deemed required, Recreational and County Group lacks

knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations.

6. Recreational and County Group denies the allegations in paragraph 4.

7. The allegations in paragraph 5 characterize the lawsuit and no answer or response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

8. The allegations in paragraphs 6, 7 and 8 characterize the lawsuit and contain legal conclusions. Therefore, no answer or response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

9. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraphs 9 through 20 and for this reason denies them.

10. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first, second, fifth, sixth, and seventh sentences of paragraph 21 and for this reason denies them. The third and fourth sentences characterize Olaus Murie's A Field Guide to Animal Tracks which speaks for itself and is the best evidence of its contents.  Recreational and County Group denies any

allegations contrary to the actual language of <u>A Field Guide to Animal Tracks</u>.

11. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 22 and for this reason denies them. These allegations are also legal conclusions for which no response is required. To the extent a response is deemed required, Recreational and County Group denies them.

12. Recreational and County Group admits the allegations in the first, second, and fourth sentences in paragraph 23, with the recognition that, pursuant to Federal Rule of Civil Procedure Rule 25(d), Scott De La Vega has been substituted for David Bernhardt in this case as Acting United States Secretary of the Interior. The allegations in the second sentence of paragraph 23 are legal conclusions to which no response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

13. Recreational and County Group admits the allegations in paragraph 24, with the recognition that, pursuant to Rule 25(d), Martha Williams has been substituted for Aurelia Skipwith in this case.

14. Recreational and County Group admits the allegations in the first sentence of paragraph 25. The allegations in the second sentence of paragraph 25 are

legal conclusions to which no response is required. To the extent a response

is deemed required, Recreational and County Group denies the allegations.

15. The allegations in paragraph 26 characterize the Endangered Species Act

(ESA), which speaks for itself and is the best evidence of its content.

Recreational and County Group denies any allegations contrary to the actual

language of the ESA.

16. The allegations in paragraph 27 characterize the ESA, which speaks for

itself and is the best evidence of its content. Recreational and County Group

denies any allegations contrary to the actual language of the ESA. The

allegations in paragraph 27 also cite case law which speaks for itself and is

the best evidence of its content. Recreational and County Group denies any

allegations contrary to the plain language or meaning of the Court.

17. The allegations in paragraph 28 characterize the ESA, which speaks for

itself and is the best evidence of its content. Recreational and County Group

denies any allegations contrary to the actual language of the ESA.

18. The allegations in the first sentence of paragraph 29 characterize the ESA,

which speaks for itself and is the best evidence of its content. Recreational

and County Group denies any allegations contrary to the actual language of

the ESA. The allegations in the second sentence of paragraph 29 are legal

conclusions to which no response is required. To the extent a response is

deemed required, Recreational and County Group denies all the allegations.

19. The allegations in the first sentence of paragraph 30 characterize case law

which speaks for itself and is the best evidence of its content. Recreational

and County Group denies any allegations contrary to the plain language and

meaning of the Court. The allegations in the second, third, and fourth

sentences of paragraph 30 characterize H.R. Rep. No. 93-412 (1973) and S.

Rep. No. 96-151, 96th cong., 1st sess. (1979), which speak for themselves

and are the best evidence of their content. Recreational and County Group

denies any allegations contrary to the actual language of H.R. Rep. No.

93412 (1973) and S. Rep. No. 96-151, 96th cong., 1st sess. (1979).

Recreational and County Group adds that analysis of ESA terms such a

"distinct population segment" and "significant portion of its range," should

be viewed through all relevant law including the Policy Regarding the

Recognition of Distinct Vertebrate Population Segments Under the

Endangered Species Act, 61 Fed. Reg. 4,722, 4,725 (Feb. 7, 1996) ("DPS

Policy") and Final Policy on Interpretation of the Phrase "Significant Portion

of its Range" in the Endangered Species Act's Definitions of "Endangered

Species" and "Threatened Species," 79 Fed. Reg. 37,578, 37,583 (July 1,

2014). To the extent a further response is deemed required, Recreational and County Group denies all the allegations.

20. The allegations in the first sentence of paragraph 31 characterize case law, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the plain language and meaning of the Court. Recreational and County Group admits the allegations in the second sentence of paragraph 31 that the Service issued the DPS Policy in 1996. The remaining allegations in paragraph 31 characterize the DPS Policy, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the language of the DPS Policy.

21. The allegations in paragraph 32 characterize the DPS Policy, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the language of the DPS Policy.

22. The allegations in paragraphs 33 and 34 characterize the ESA, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the ESA.

23. Recreational and County Group admits the allegations in paragraphs 35 and 36.

24. The allegations of paragraph 37 are denied except as follows. <u>See</u> admissions made at paragraphs 4 and 5 hereof and above.

25. Recreational and County Group admits the allegations in paragraphs 38 and 39.

26. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 40 and for this reason denies them.

27. The first two sentence in paragraph 41 are legal conclusions to which no response is required. The third sentence attempts to characterize the 2013 withdrawn rule. Recreational and County Group notes that this rule was withdrawn and, in an event, the rule speaks for itself and is the best evidence of its own content, To the extent a further response is required, Recreational and County Group denies the allegations.

28. Paragraph 42 characterize Service's proposed 2013 rule and the 2020 withdrawal of that rule. <u>See</u> Endangered and Threatened Wildlife and Plants; Threatened Status for the Distinct Population Segment of the North American Wolverine Occurring in the Contiguous United States, 78 FR 7864-01; Endangered and Threatened Wildlife and Plants; Withdrawal of the Proposed Rule for the North American Wolverine, 85 FR 64618-01. These documents speak for themselves and are the best evidence of their own

content. Additionally, Recreational and County Group asserts that small populations in and of themselves do not constitute a threat such that a species would be endangered or threatened. When evaluating species status under the ESA more factors have to be taken into account, such as consideration of a species' life history, population dynamics, and other impacts to populations and species to determine if small population dynamics increase the species' vulnerability to extinction such that listing is warranted. Importantly, wolverines in the contiguous United States are not genetically isolated from wolverines in Canada, so isolation is not a concern. To the extent a further response is required, Recreational and County Group denies the allegations.

29. Recreational and County Group admits that wolverines are an elusive species that is difficult to track and count. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence in paragraph 43 and for this reason denies them.

30. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 44. Additionally, the allegations conflict with the Service's statements in its withdrawal of the proposed rule, 85 FR 64618-01. For this

reason, Recreational and County Group denies the allegation in paragraph 44.

31. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 45. Additionally, the allegations conflict with the Service's statements in its withdrawal of the proposed rule, 85 FR 64618-01. For this reason, Recreational and County Group denies the allegation in paragraph 45.

32. Recreational and County Group denies the allegations in paragraphs 46 and 47.

33. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraphs 48, 49 and 50 and for this reason denies them.

34. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and third sentence of paragraph 51 and for this reason denies them. The second sentence of paragraph 51 characterizes case law, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the Court's plain language or meaning.

35. The first, second, third, and fourth sentence characterize the Service's 12-month finding for wolverine, published March 1 1, 2008, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 12-month finding. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the fifth sentence of paragraph 52 and for this reason denies them. The allegations in the sixth sentence characterizes the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

36. The allegations in paragraph 53 characterize the Service's 12-month finding for wolverine published December 14, 2010 (2010 12-month finding), which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language in the Service's 2010 12-month finding for wolverine.

37. The allegations in paragraph 54 characterize a settlement agreement, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the settlement's actual

language. The allegations in the second sentence of paragraph 54 reference the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

38. The allegations in paragraphs 55, 56 and 57 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

39. The allegations in the first, third, and fourth sentences of paragraph 58 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence of paragraph 58 and notes that they are contrary to subsequent determinations by the Service; for this reason, Recreational and County Group denies them.

40. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and second sentences of paragraph 59 and notes that they are contrary to subsequent determinations by the Service; for this reason, Recreational and County Group denies them. The allegations in the third and fourth sentences of paragraph 59 characterize the Service's 2013 proposed rule to list wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

41. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first and second sentences of paragraph 60 and notes that they are contrary to subsequent determinations by the Service; for this reason, Recreational and County Group denies them. Recreational and County Group also notes that incidental trapping risk to wolverines is deemed very low in the contiguous United States, with the Idaho Department of Fish and Game in particular proactively implementing educational and regulatory measures to minimize non-target catch of wolverines. The allegations in the third sentence of paragraph 60 characterizes the Service's 2013 proposed rule to list

wolverine published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverine.

42. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first sentence of paragraph 61, and notes that they are contrary to subsequent determinations by the Service; for this reason, Recreational and County Group denies them. The allegations in the second, third and fourth sentences of paragraph 61 characterize the Service's 2013 proposed rule to list wolverines published February 4, 2013, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule to list wolverines.

43. The allegations in the first sentence in paragraph 62 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the ESA and its implementing regulations. The allegations in the second and third sentences in paragraph characterize the Service's proposed rule published February 5, 2014,

announcing the 6-month extension of a final determination on the 2013 proposed rule to list the wolverine (2014 Extension). Recreational and County Group denies any allegations contrary to the actual language of the Service's 2014 Extension.

44. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 63 and for this reason denies them.

45. The allegations in paragraph 64 characterize the Service's decision published October 13, 2014, withdrawing the proposed rule to list the wolverine (2014 Withdrawal), which speaks for itself and is the best evidence of its content. Recreational and County Group denies all allegations contrary to the actual language of the 2014 Withdrawal.

46. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 65 and for this reason denies them.

47. The allegations in paragraphs 66, 67 and 68 cite case law, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the Court's plain language or meaning.

48. The allegations in paragraph 69 cite case law, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any

allegations contrary to the Court's plain language or meaning. Recreational and County Group admits that it has been more than three years since the Court's decision regarding the Service's 2014 Withdrawal. For the remaining allegations, Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the remaining factual allegations in paragraph 69 and for this reason denies them.

49. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in paragraph 70 and for this reason denies them.

50. Recreational and County Group admits that the Service's decision referenced in paragraph 71 was published on October 13, 2020. The allegations in the second and third sentences of paragraph 71 characterize the Service's decision published October 13, 2020, withdrawing the proposed rule to list wolverine (2020 Withdrawal) which speaks for itself and is the best evidence of its content. Recreational and County Group denies all allegations contrary to the 2020 Withdrawal's actual language. The allegations in the fourth and fifth sentences of paragraph 71 are legal conclusions to which no response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

51. The allegations in the first sentence in paragraph 72 characterize the Service's 1996 distinct population segment policy, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the language of the Service's 1996 distinct population segment policy. The allegations in the second sentence of paragraph 72 characterize the Service's 2013 proposed rule to list wolverine which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2013 proposed rule.

52. The allegations in paragraph 73 characterize the Service's 2010 12-month finding and 2020 Withdrawal, which speak for themselves are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the 2010 12-month finding and 2020 Withdrawal.

53. The allegations in the first sentence of paragraph 74 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies all allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 74 are legal conclusions to which no response is

required. To the extent a response is deemed required, Recreational and County Group denies the allegations.

54. The first, third, fourth, and fifth sentences in paragraph 75 are legal conclusions to which no response is required. To the extent a response is deemed required, Recreational and County Group denies the allegations. The allegations in the second sentence of paragraph 75 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

55. The allegations in the first and last sentences of paragraph 76 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the second sentence of paragraph 76, and for this reason denies them. The allegations in the third, fourth, and fifth sentences of paragraph 76 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

56. The allegations in the first, third, fourth, and sixth sentences of paragraph 77 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The allegations in the second sentence of paragraph 77 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal. Recreational and County Group lacks knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the fifth sentence of paragraph 77 and for this reason denies them.

57. The allegations in the first and fourth sentences of paragraph 78 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The allegations in the second, third, fifth, and sixth sentences of paragraph 78 characterize the Service's 2014 Withdrawal and 2020 Withdrawal, which speak for themselves and are the best evidence of their content. Recreational and County Group denies all allegations contrary to the actual language of the Service's 2014 Withdrawal and 2020 Withdrawal.

58. The allegations in the first, second, and third sentences of paragraph 79 characterize the Service's 2013 proposed rule and 2020 Withdrawal, which

speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the Service's 2013 proposed rule and 2020 Withdrawal. The allegations in the last sentence of paragraph 79 are legal conclusions to which no response is required. To the extent that an answer is deemed required, Recreational and County Group denies the allegations.

59. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

60. Recreational and County Group lacks sufficient knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first, third, and fourth sentences of paragraph 81 and for this reason denies them. The remaining allegations characterize the Service's 2010 12-month finding and 2020 Withdrawal, which speak for themselves and are the best evidence of their contents. Recreational and County Group denies any allegations contrary to the actual language of the 2010 12-month finding and the 2020 Withdrawal.

61. The allegations in the first sentence in paragraph 82 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its contents. Recreational and County Group denies any allegations

contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 82 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

62. The allegations in paragraphs 83 and 84 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

63. The allegations in the first and last sentences of paragraph 85 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The allegations in the second and third sentences of paragraph 85 reference the ESA and case law, which speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the ESA or the Court's plain language and meaning.

64. The allegations in the first sentence of paragraph 86 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies all allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the second sentence of paragraph 86 are legal conclusions to which no response is

RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED COMPLAINT – Page 25

required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

65. The allegations in paragraph 87 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

66. Recreational and County Group lacks sufficient knowledge or information sufficient to form a belief as to the truth and accuracy of the factual allegations in the first sentence of paragraph 88 and for this reason denies them. The allegations in the second, third, and sixth sentences of paragraph 88 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The allegations in the third and fourth sentences of paragraph 88 reference a study cited as Copeland et al. (2010) and case law, which speaks for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of Copeland et al. (2010) or the Court's plain language and meaning. The allegations in the fifth sentence characterize case law, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the plain language and meaning of the Court.

67. The allegations in paragraph 89 characterize a study cited as Copeland et al. (2010) and the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of their content. Recreational and County Group denies any allegations inconsistent with the actual language of Copeland et al. (2010) and the 2020 Withdrawal. The allegation in the last sentence in paragraph 89 is a legal conclusion wot which no response is required. To the extent that a response is required, Recreational and County Group denies the allegations.

68. The allegations in the first sentence of paragraph 90 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The remaining allegations in paragraph 90 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

69. The allegations in paragraph 91 reference and characterize a study cited as Webb et al. (2016), which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of Webb et al. (2016). The allegation in the last sentence in paragraph 91 is a legal conclusion to which no response is required. To

the extent that a response is required, Recreational and County Group denies the allegations.

70. The allegations in paragraph 92 characterize the Service's 2020 Withdrawal and 2014 Withdrawal, which speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal and the 2014 Withdrawal. The allegation in the last sentence in paragraph 92 is a legal conclusion to which no response is required. To the extent that a response is required, Recreational and County Group denies the allegation.

71. The allegations in the first sentence of paragraph 93 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations. The allegations in the second sentence of paragraph 93 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

72. The allegations in paragraph 94 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

73. The allegations in paragraph 95 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

74. The allegation in the first sentence of paragraph 96 is a legal conclusion to which no response is required. To the extent that a response is required, Recreational and County Group denies the allegations. The remaining allegations in paragraph 96 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal or the referenced scientific studies.

75. The allegations in paragraph 97 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal. The allegations in the last sentence of paragraph 97 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

76. The allegations in paragraph 98 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

77. The allegations in paragraph 99 characterize the Service's 2020 Withdrawal, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the 2020 Withdrawal.

78. The allegations in paragraph 100 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Recreational and County Group denies the allegations in paragraph 100.

79. The allegations in paragraph 101 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Recreational and County Group denies the allegations in paragraph 101.

80. The allegations in the first sentence of paragraph 102 are legal conclusions to which no response is required. To the extent that a response is deemed

required, Recreational and County Group denies the allegations. The remaining allegations in paragraph 102 characterize the Service's 2020 Withdrawal and scientific studies, which speak for themselves and are the best evidence of their content. To the extent that a further response is required, Recreational and County Group denies the allegations in paragraph 102.

81. Paragraph 103 incorporates by reference all previous paragraphs and, therefore, no response is required. To the extent that a response is required, Recreational and County Group incorporates by reference its answers to all previous paragraphs.

82. The allegations in paragraph 104 characterize the ESA and the Service's 1996 distinct population segment policy, which speak for themselves and are the best evidence of their content. Recreational and County Group denies any allegations contrary to the actual language of the ESA and the Service's 1996 distinct population segment policy.

83. The allegations in paragraphs 105 and 106 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

84. Paragraph 107 incorporates by reference all previous paragraphs and, therefore, no response is required. To the extent that a response is required,

RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED COMPLAINT – Page 31

Recreational and County Group incorporates by reference its answers to all previous paragraphs.

85. The allegations in paragraph 108 characterize the ESA, which speaks for itself and is the best evidence of its content. Recreational and County Group denies any allegations contrary to the actual language of the ESA.

86. The allegations in paragraphs 109 and 110 are legal conclusions to which no response is required. To the extent that a response is deemed required, Recreational and County Group denies the allegations.

87. The Prayer for Relief within the Complaint requires no response. To the extent that a response is deemed required, Recreational and County Group denies that Plaintiffs are entitled to the relief requested.

## THIRD DEFENSE

88. Plaintiffs fail to demonstrate standing to assert some or all of their claims.

## FOURTH DEFENSE

89. This Court lacks jurisdiction over some or all of Plaintiffs' claims.

## FIFTH DEFENSE

90. Recreational and County Group reserves the right to assert additional affirmative defenses at a later date.

## PRAYER FOR RELIEF

Having fully answered, Recreational and County Group respectfully requests

that this action be dismissed with prejudice. Recreational and County Group

further requests that judgment be entered denying Plaintiffs any relief, and that the

Court award Recreational and County Group its attorney fees and costs and grant

such other and further relief as this Court deems appropriate.

**DATED** this ___ day of August, 2021.

MONFORTON LAW OFFICES, PLLC

by:_____
Matthew G. Monforton

SAWTOOTH LAW OFFICES, PLLC

by:_____
David P. Claiborne

RECREATIONAL AND COUNTY GROUP INTERVENORS' ANSWER TO AMENDED
COMPLAINT – Page 33

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following on this _____ day of August, 2021, by the following method:

**AMANDA DALMENDRAY GALVAN**
**TIMOTHY J. PRESO**
**EARTHJUSTICE LEGAL DEFENSE**
**FUND – BOZEMAN**
313 East Main Street
Bozeman, MT 59715
Telephone: (406) 586-9699
Facsimile: (406) 586-9695
Email: agalvan@earthjustice.org;
tpreso@earthjustice.org
*Attorneys for Center for Biological Diversity,*
*Conservation Northwest, Defenders of Wildlife,*
*Friends of the Clearwater, Greater*
*Yellowstone Coalition, Idaho Conservation*
*League, Jackson Hole Conservation Alliance,*
*Klamath-Siskiyou Wildlands Center, Rocky*
*Mountain Wild and Sierra Club*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[__] iCourt / Electronic Mail or CM/ECF

**KAMELA A. CASCHETTE**
**RANDY J. TANNER**
**U.S. DEPARTMENT OF JUSTICE**
Environmental & Natural Resources Div.
Ben Franklin Station
PO Box 7611
Washington, DC 20044-7611
Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Email:kamela.caschette@usdoj.gov;
randy.tanner@usdoj.gov
*Attorneys for Scott de la Vega, Martha*
*Williams, United States Fish and Wildlife*
*Service*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[__] iCourt / Electronic Mail or CM/ECF

**OWEN H. MORONEY**
**IDAHO OFFICE OF THE ATTORNEY**
**GENERAL**
2117 North 17th Street
Boise, ID 83702
Telephone: (208) 287-2875
Facsimile (208) 334-2148
Email: owen.moroney@idfg.idaho.gov
*Attorneys for State of Idaho*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[__] iCourt / Electronic Mail or CM/ECF

MONFORTON LAW OFFICES, PLLC

by:_____
    Matthew G. Monforton